# UNDER SEAL

# UNDER SEAL

1  DANIEL G. BOGDEN
   United States Attorney
2  District of Nevada
   ROGER W. WENTHE
3  Assistant United States Attorneys
   Nevada Bar No. 8920
4  U.S. Attorney's Office
   333 Las Vegas Boulevard South, Suite 5000
5  Las Vegas, Nevada 89101
   Ph: 702-388-6336
6  Fax: 702-388-6787
   Email: roger.wenthe@usdoj.gov
7
   STUART F. DELERY
8  Assistant Attorney General
   MICHAEL D. GRANSTON
9  RENÉE BROOKER
   JENELLE M. BEAVERS
10 KAVITHA J. BABU
   Attorneys, Civil Division
11 United States Department of Justice
   Post Office Box 261, Ben Franklin Station
12 Washington, DC 20044
   Tel: (202) 305-3941
13 Fax: (202) 307-5788
   Email: jenelle.m.beavers@usdoj.gov
14 Email: kavitha.j.babu@usdoj.gov

15         Attorneys for the United States.

16 CATHERINE CORTEZ MASTO
   Nevada Attorney General
17 MARK KEMBERLING
   Chief Deputy Attorney General
18 Bar No. 5388
   DONNA R. ROHWER
19 Senior Deputy Attorney General
   Bar No. 11866
20 555 East Washington Ave., Ste. 3900
   Las Vegas, NV 89101
21 Telephone: (702) 486-3420
   Fax: (702) 486-3768
22 Email: drohwer@ag.nv.gov
   Email: mkemberling@ag.nv.gov
23
           Attorneys for State of Nevada
24
25 ///

26 ///

27 ///

28 ///



FILED / ENTERED / RECEIVED / SERVED ON COUNSEL/PARTIES OF RECORD
AUG - 7 2014
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JOANNE CRETNEY-TSOSIE,<br><br>    Plaintiffs,<br><br>v.<br><br>CREEKSIDE HOSPICE II, LLC, *et al.*,<br><br>    Defendants. | Case No.: 2:13-cv-167-HDM |
| UNITED STATES OF AMERICA, *ex rel.* VENETA LEPERA,<br><br>    Plaintiffs,<br><br>v.<br><br>SKILLED HEALTHCARE, LLC, *et al.*,<br><br>    Defendants. | Case No.: 2: 13-cv-1283-GMN-PAL<br><br>**UNITED STATES' AND STATE OF NEVADA'S MOTION TO CONSOLIDATE ACTIONS AND ORDER** |

## UNITED STATES' AND STATE OF NEVADA'S MOTION TO CONSOLIDATE ACTIONS

The United States and the State of Nevada, pursuant to Fed. R. Civ. P. 42(a)(2), request the Court to consolidate the two actions captioned above and to assign the consolidated action to Judge Howard McKibben. In support of their motion, the United States and Nevada present their attached memorandum of points and authorities.

///

///

///

///

///

///

///

///

Dated: August 7, 2014

STUART F. DELERY
Assistant Attorney General

DANIEL G. BOGDEN
United States Attorney

/s/ Roger Wenthe
ROGER WENTHE
Assistant United States Attorney

JENELLE M. BEAVERS
KAVITHA J. BABU
Attorneys, Civil Division

CATHERINE CORTEZ MASTO
Nevada Attorney General

/s/ Donna R. Rohwer
DONNA R. ROHWER
Senior Deputy Attorney General

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JOANNE CRETNEY-TSOSIE,<br><br>    Plaintiffs,<br><br>v.<br><br>CREEKSIDE HOSPICE II, LLC, *et al.*,<br><br>    Defendants. | Case No.: 2:13-cv-167-HDM |
| UNITED STATES OF AMERICA, *ex rel.* VENETA LEPERA,<br><br>    Plaintiffs,<br><br>v.<br><br>SKILLED HEALTHCARE, LLC, *et al.*,<br><br>    Defendants. | Case No.: 2: 13-cv-1283-GMN-PAL |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNITED STATES' AND STATE OF NEVADA'S MOTION TO CONSOLIDATE ACTIONS**

The United States and Nevada request the Court consolidate these two related actions in order to achieve economy for the Court and the parties during the litigation of the issues of fact and law which the two suits have in common.

I.   **ARGUMENT**

A.   **The Legal Standard**

Rule 42(a)(2) of the Federal Rules of Civil Procedure provides:

If actions before the court involve a common question of law or fact, the court may . . . (2) consolidate the actions . . . .

District courts have broad discretion to consolidate actions under this rule. *Arteris S.A.S v. Sonics, Inc.*, 2013 WL 3052903 *7 (N.D.Cal. 2013); *United States ex rel. Martin v. Life Care Centers of America, Inc.*, 912 F.Supp.2d 618, 622 (E.D. Tenn. 2012) (consolidating multiple health-care fraud *qui tam* suits).

5

### B. The Cases Have Numerous Common Issues of Law and Fact

Both of the actions we seek to consolidate are brought pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729 *et seq*. The first-filed of the two cases, No. 2:13-cv-167 (the C-T Case), is also brought on behalf of Nevada under the Nevada False Claims Act, NRS §§ 357.010 *et seq*.

In the C-T Case, the relator's Amended Complaint, filed July 12, 2012, asserts that two defendants, Creekside Hospice II, LLC (Creekside) and Skilled Healthcare Group, Inc. (SKG), submitted or caused to be submitted false claims to the United States (Medicare and other programs) and Nevada (Medicaid) by (1) billing for hospice services provided to patients of Creekside Hospice in Las Vegas who were ineligible for hospice because they were not terminally ill (2) failing to conduct face-to-face encounters with patients prior to recertifying them as continuing to be eligible for hospice, as required by the statutes and regulations, (3) failing to have at least 5% of its employee work-hours performed by volunteers, as required by regulations, (4) upcoding physician services by billing for a more expensive service than was actually performed, (5) billing for unspecified "unallowable" services, and (6) failing to timely return overpayments received. The United States and Nevada has intervened in allegations (1), (2), and (4) in the C-T Case and declined to intervene as to all other allegations.

In the second-filed case, No. 2:13-cv-1283 (the Lepera Case), the relator's complaint, filed on May 16, 2013, alleges that Skilled Healthcare, LLC (SKH); Creekside Home Care II, LLC[1]; and Creekside Hospice II, LLC (Creekside, referred to above), submitted or caused to be submitted false claims to the United States by (1) billing for hospice services provided to patients of Creekside Hospice in Las Vegas who were ineligible for hospice because they were not terminally ill, and (2) inducing the submission of false claims related to the solicitation or payment of kickbacks to or from

---

[1] This entity was apparently named in error, since it provides only home care services and not hospice services.

6

sources of patient referrals. The United States has intervened only as to allegation (1) in the Lepera Case and declined to intervene as to all other allegations.

The discussion above demonstrates that there is a substantial overlap in the allegations of the complaints in these two actions. Both allege false claims were submitted for patients of Creekside Hospice, based on a variety of related types of falsity. The legal basis for the claims in both suits is the civil False Claims Act and the Nevada False Claims Act, which is substantially similar to the federal enactment in its substantive provisions. Substantially all of the same witnesses and evidence will be necessary to resolve the claims as to which the United States and Nevada are intervening in the two cases. As a result, the Court and the parties will realize significant economies in the litigation of these two matters if they are consolidated into a single lawsuit. The relators and the defendants will also benefit by the consolidation for the same reasons, and they will not experience any additional burden or cost as a result of the consolidation.

The United States and Nevada request that the Court consolidate these matters before Judge McKibben, because the C-T Case pending before Judge McKibben is the older of the two cases, having been originally filed over one year prior to the Lepera Case.

///
///
///
///
///
///
///
///
///

## II. CONCLUSION

The United States and Nevada therefore request that the Court consolidate these two cases and assign the consolidated case to Judge Howard McKibben.

Dated: August 7, 2014

STUART F. DELERY
Assistant Attorney General

DANIEL G. BOGDEN
United States Attorney

/s/ Roger Wenthe
ROGER WENTHE
Assistant United States Attorney

JENELLE M. BEAVERS
KAVITHA J. BABU
Attorneys, Civil Division

CATHERINE CORTEZ MASTO
Nevada Attorney General

/s/ Donna R. Rohwer
DONNA R. ROHWER
Senior Deputy Attorney General

## ORDER

**IT IS HEREBY ORDERED** that the Motion to Consolidate Cases (ECF No. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that civil cases 2:13-cv-01283-GMN-PAL and 2:13-cv-00167-HDM are hereby consolidated. **Case No. 2:13-cv-00167-HDM** shall hereafter serve as the base case.

**DATED** this 14th day of August, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court

8